IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KERRIE BARNES,<br><br>        Plaintiff,<br><br>    vs.<br><br>GPSI/KINAOLE FOUNDATION,<br><br>        Defendants. | CIV. NO. 23-00421 SASP-KJM<br><br>ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' BILL OF COSTS; AND (2) ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |

**ORDER (1) GRANTING IN PART AND DENYING IN PART
DEFENDANTS' BILL OF COSTS; AND (2) ADOPTING
<u>MAGISTRATE JUDGE'S FINDINGS AND RECCOMENDATION</u>**

This pro se action, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., was referred to the Honorable Kenneth J. Mansfield ("Judge Mansfield"), United States Magistrate Judge, for Findings and Recommendation, pursuant to 28 U.S.C. § 636(b) and LR74.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"), on Defendants Galaide Professional Services Incorporated ("GPSI") and Kīnāʻole Foundation's (collectively "Defendants") Bill of Costs, filed on July 11, 2025. [ECF No. 101.] On August 22, 2025, Judge Mansfield issued Findings and Recommendation ("F&R"), recommending that this Court grant in part and deny in part Defendants' Bill of Costs. [ECF No. 113.] On September 5, 2025, Barnes timely filed an objection, and a declaration in support. [ECF Nos. 116 and 117, respectively.]

After conducting a de novo review, and for the reasons stated herein, this Court finds that Defendants' Bill of Costs should be GRANTED IN PART and DENIED IN PART. This Court further adopts Judge Mansfield's F&R.

1

I.        **RELEVANT BACKGROUND**[1]

On October 12, 2023, Barnes filed a Complaint asserting employment

discrimination claims against Defendants. [*See* ECF No. 1.] On July 1, 2025, this Court issued an

Order Granting Defendants' Motion for Summary Judgment ("MSJ Order"). [ECF No. 88.] On

that same day, the Clerk of Court entered Judgment in favor of Defendants. [ECF No. 89.] On

July 8, 2025, Barnes filed a Motion for Reconsideration [ECF No. 90], which this Court

subsequently denied. [ECF No. 108.] Barnes appealed this Court's MSJ Order to the Ninth

Circuit Court of Appeals ("Ninth Circuit"), where it remains pending. [*See* ECF No. 94.]

Then, on July 11, 2025, Defendants filed their Bill of Costs [ECF No. 101],

seeking $3,947.69 in total costs: including $3,673.69 in deposition transcript costs, and $274 in

"other" messenger and delivery costs. [*See id.*] On July 17, 2025, Barnes filed her objection to

Defendants' Bill of Costs, asserting, among other things, that Defendants' claimed costs should

be denied because they are largely unnecessary and/or discretionary, or, in the alternative, that

the Court should defer its ruling on the Bill of Costs pending resolution of Barnes' appeal to the

Ninth Circuit. [ECF No. 102 at PageID.1002–03.]

On August 22, 2025, Judge Mansfield issued his F&R recommending that this

Court grant Defendants' Bill of Costs for deposition transcripts in the amount of $3,673.69, and

deny Defendants' request for costs in all other respects. [*See* ECF No. 113.]

On September 5, 2025, Barnes filed her objection to Judge Mansfield's F&R.

[ECF No. 116.] Barnes asserts that the F&R "is legally flawed and inequitable" because:

---

[1] This section is not intended to be a comprehensive summary of all the facts, but a broad
overview of the relevant background information. A robust statement of the facts and issues of
this case can be found in this Court's Order Granting Defendants' Motion for Summary
Judgment, issued on July 1, 2025. [*See* ECF No. 88.] Other facts pertinent to this Court's
decision are summarized below to the extent they apply.

(1) Defendants' "$994.76 video deposition cost was not 'necessarily obtained' under 28 U.S.C. § 1920(2)"; (2) "[t]he F&R misapplied the equitable analysis by focusing on poverty guidelines rather than [Barnes'] actual financial hardship"; (3) "Defendants failed to confer in good faith" before filing their Bill of Costs, in violation of LR54.2(d) of the Local Rules; and (4) regardless, a decision on Defendants' Bill of Costs should be deferred pending resolution of Barnes' appeal to the Ninth Circuit. [*See id.* at PageID.1300–01.] In so arguing, Barnes requests that the Court deny Defendants' $994.76 video deposition cost, and deny or substantially reduce the remaining costs due to her financial hardship; or, alternatively, defer taxation of costs pending resolution of the appeal before the Ninth Circuit. [*See id.* at PageID.1301.]

## II.        LEGAL STANDARD

Under the Federal Magistrates Act ("Act"), the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendation, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.; *see also* Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (observing that "[t]he [Act] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise"). Although no review is

3

required in the absence of objections, the Act "does not preclude further review by the district judge[ ] *sua sponte . . .* under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## III.        DISCUSSION

Barnes objects to the F&R, arguing that Judge Mansfield's recommendation was both legally flawed and inequitable for several reasons. [*See* ECF No. 116 at PageID.1300.] The Court first addresses Defendants' Bill of Costs, before moving to Barnes' objections thereto.

### A.        Defendants' Bill of Costs

Defendants, the prevailing party here, request a total of $3,947.69 in costs, pursuant to Fed. R. Civ. P. 54(d)(1) and LR54.1 of the Local Rules. Fed. R. Civ. P. 54(d)(1) governs costs other than attorney's fees, and provides, in relevant part, as follows: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees-- should be allowed to the prevailing party." LR54.1 of the Local Rules also governs taxation of costs, and similarly provides that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered." LR54.1(a). There is thus a strong presumption in favor of awarding costs to the prevailing party. *See Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003) (citation omitted) ("Because Rule 54(d)(1) states that costs 'shall' be allowed 'as of course,' there is a strong presumption in favor of awarding costs to the prevailing party.").

While courts have discretion to award costs pursuant to Fed. R. Civ. P. 54(d), "courts may tax only those costs defined in 28 U.S.C. § 1920." *Yasui v. Maui Elec. Co.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (citing *Alflex Corp. v. Underwriters Laby's, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990)). 28 U.S.C. § 1920 enumerates costs taxable to the prevailing party, as follows:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Here, Defendants seek reimbursement of $3,673.69 in deposition transcript costs; and $274 in "other" messenger and delivery costs. [*See* ECF No. 101 at PageID.985; ECF No. 101-3 at PageID.994.] Defendants' Bill of Costs was accompanied by a sworn declaration by Defendants' counsel; a summary of taxable costs incurred in this case; copies of invoices for deposition transcripts; and copies of relevant email communications between the parties. [*See* ECF Nos. 101-2; 101-3; 101-4; 101-5.] Each category of costs is addressed in turn below.

       1.     *Deposition Transcript Costs*

Defendants seek a total of $3,673.69 in deposition transcript costs consisting of: (1) $2,553.93 for the original, and one copy of Barnes' printed deposition transcript; (2) $994.76 for a video recording of Barnes' deposition; and (3) $125 for a copy of GPSI HR Manager, Jeanette Munoz's ("Munoz") deposition conducted by Barnes. [*See* ECF No. 101-2 at PageID.992 (¶ 4); *see also* ECF No. 101-4 at PageID.995–97.]

Fees incurred for obtaining printed or electronically recorded deposition transcripts may be recovered under 28 U.S.C. § 1920(2). *See Evanow v. M/V Neptune,* 163 F.3d 1108, 1118 (9th Cir. 1998) (citation omitted) ("Deposition costs are taxable if they are reasonably

necessary for trial"). Such costs are recoverable only if "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also* LR54.1(f)(2). LR54.1(f) further clarifies, in relevant part, that:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable. A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery.

LR54.1(f)(2).

Here, even though neither Barnes' nor Munoz's depositions were ultimately used at a trial on the merits, the costs of their deposition transcripts are nonetheless taxable because, Defendants assert that, at the time they were taken, they were necessarily obtained for use in the case, rather than for mere discovery. *See* LR54.1(f)(2). [*See* ECF No. 101-1 at PageID.989; ECF No. 101-2 at PageID.992; ECF No. 101-3 at PageID.994.] Further, as the plaintiff in this employment discrimination action, Barnes' deposition testimony was reasonably necessary for trial. The deposition of Munoz, was also reasonably necessary for trial, especially given that Munoz was the GPSI employee who, among other things, ultimately rescinded Barnes' job offer, which led to the filing of this action. [*See* ECF No. 88 at PageID.760–62.]

The Court therefore FINDS that Defendants are entitled to recover their requested deposition transcript costs in the amount of $3,673.69. Accordingly, Defendants' Bill of Costs is hereby GRANT IN PART with respect to those costs.

### 2.      *"Other" Messenger and Delivery Costs*

Defendants also seek $274 in "other" messenger and delivery costs consisting of: (1) $33.50 in delivery costs for deliveries made to this Court; and (2) $240.50 in delivery costs for deliveries made to Barnes' attorneys while she was represented by counsel. [*See* ECF

No. 101-2 at PageID.992 (¶ 5).] While Defendants provide a categorical summary of such costs, Defendants' alleged messenger and delivery costs are not otherwise supported by invoices or comparable evidence. [*See* ECF No. 101-3 at PageID.994.]

As a preliminary matter, messenger and delivery costs are not statutorily permitted taxable costs under 28 U.S.C. § 1920, and therefore, are not readily recoverable under that provision. *See Yasui*, 78 F. Supp. 2d at 1128 (citations omitted) ("Courier costs are not listed in section 1920 and are not taxable as costs."); *see also Walter v. Drayson*, No. CV 06-00568 SOM-KSC, 2007 WL 2694393, at *5 (D. Haw. 2007) (citation omitted) (finding that "delivery/messengering costs . . . are not listed in 28 U.S.C. § 1920 and [thus,] are not taxable as costs"). While Defendants do not explicitly assert that such costs are taxable under 28 U.S.C. § 1920, they nonetheless maintain that "[t]he Ninth Circuit has held that messenger and delivery costs can be recoverable," relying on *Partners for Health & Home L.P. v. Yang*, 488 B.R. 431, 440–41 (C.D. Cal. 2012), *aff'd in part*, 671 F. App'x 475 (9th Cir. 2016) (mem.), and the supporting authority referenced therein. [*See* ECF No. 101-1 at PageID.989.]

The Ninth Circuit's *Yang* decision, affirming in part and dismissing in part the district court's ruling*, did not* explicitly address the issue of messenger and delivery costs on appeal. *Yang*, 671 F. App'x 475 (9th Cir. 2016) (mem.). The underlying *Yang* decision, however, dealt with a fee application filed by the prevailing party in a trademark case. *See generally Yang*, 488 B.R. 431 (C.D. Cal. 2012). There, the district court concluded, in relevant part, that the prevailing party was entitled to certain nontaxable costs including, among other things, "messenger and delivery costs." *Yang*, 488 B.R. at 440–41 (citing *Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, No. CV 07-8298 ABC (RZx), 2010 WL 11404472, at *3 (C.D. Cal. 2010)). The lower court did not explicitly make clear the statutory authority under which those costs

7

were recoverable, and instead, cited to another California district court decision as supporting authority. *See id.* In *Wyatt*, the decision relied on by the district court in *Yang*, the court explicitly held that messenger and delivery costs constituted "non-taxable costs" that were "recoverable under the Copyright and Lanham Acts." *Wyatt Tech. Corp.,* 2010 WL 11404472, at *3. In sum, the case law relied on by Defendants does not support a finding that messenger and delivery costs are recoverable in this particular case.[2]

For these reasons, and absent any express statutory authority to the contrary, the Court FINDS that Defendants are not entitled to recover their requested messenger and delivery costs in the amount of $274. Accordingly, Defendants' Bill of Costs is hereby DENIED IN PART as to those costs.

### B. Barnes' Objection

In her objection, Barnes argues variously that this Court should deny and/or defer taxation of Defendants' Bill of Costs. [*See* ECF No. 116.] As noted above, Fed. R. Civ. P. 54 creates a strong presumption in favor of awarding costs to the prevailing party. *See Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003) (citation omitted). "To overcome this presumption,

---

[2] For the same reasons, Defendants purported reliance on *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577 (9th Cir. 2010) and *Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994), is also unconvincing. *See Grove*, 606 F.3d at 579–82 (holding that the expense-shifting provision in the Fair Credit Reporting Act allows for the recovery of various non-taxable expenses customarily charged to a client, even if not taxable under 28 U.S.C. § 1920); *Harris*, 24 F.3d at 19–20 (citations omitted) (holding that "[u]nder [42 U.S.C.] § 1988, [the prevailing party] may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client'"). [*See* ECF No. 101-1 at PageID.989.] Relatedly, the Court notes that while certain out-of-pocket expenses that would normally be charged to a fee paying client may be recoverable as part of an award of attorney's fees for prevailing parties in *certain* civil rights actions under 42 U.S.C. § 1988, the recovery of such costs are not explicitly recoverable in proceedings to enforce a provision of Title VII of the Civil Rights Act of 1964, as in this case. *See* 42 U.S.C. § 1988(b); *Harris*, 24 F.3d at 19–20.

a losing party must establish a reason to deny costs." *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) (citing *Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1079 (9th Cir. 1999)).

As discussed below, Barnes has failed to do so here.

### 1.      *Challenge to Video Deposition Costs*

First, Barnes argues that Defendants' $994.76 costs for videography services provided during Barnes' deposition was not necessarily incurred because "Defendants obtained a transcript sufficient for summary judgment" and "[t]he video was never cited, relied upon, or used at trial." [ECF No. 116 at PageID.1300.]

As noted above, fees incurred obtaining printed or electronically recorded deposition transcripts may be recovered under 28 U.S.C. § 1920(2), if necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(2). LR54.1(f)(2) provides that "[t]he cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable" and that to recover costs, such transcripts "need not be introduced in evidence or used at trial, so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery." LR54.1(f)(2). Accordingly, based on the plain language of LR54.1(f)(2) and 28 U.S.C. § 1920(2), Defendants' $994.76 in costs incurred obtaining a video of Barnes' deposition transcript—regardless of whether Defendants also obtained a printed copy, or any of Barnes' printed or electronically recorded deposition transcripts were ultimately used at trial—constitutes a taxable cost.

### 2.      *Barnes' Financial Hardship*

Second, Barnes argues that Defendants' Bill of Costs should be denied both because she is indigent, and Judge Mansfield's F&R "misapplied the equitable analysis by focusing on poverty guidelines rather than [Barnes'] actual financial hardship." [*See* ECF

9

No. 116 at PageID.1300.] Specifically, Barnes asserts that the F&R "improperly emphasized [her] income relative to federal poverty guidelines" rather than "assess[ing] [her] actual ability to pay without undue hardship." [*Id.* (citation omitted).] Barnes cites her renewed Application to Proceed in District Court Without Prepaying Fees or Costs ("renewed IFP Application") [ECF No. 96] as evidencing "a monthly deficit and reliance on credit for basic needs." [ECF No. 116 at PageID.1300.] Barnes maintains that "[t]axing costs under these circumstances risks bankruptcy and chills future civil rights litigation. [*Id.*] Barnes also notes in her accompanying declaration that she "personally incurred over $1,000 in out-of-pocket travel expenses to attend [her] deposition in Hawai'i." [*See* ECF No. 117 at PageID.1305.]

The Ninth Circuit has held that district courts have discretion to deny costs due to a plaintiff's limited financial resources, and the chilling effect on future similar actions. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (quoting *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014)). "The burden of proving financial hardship falls on the objecting party, who must provide the court with sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses." *Rossi v. City of Chicago*, 790 F.3d 729, 738 (7th Cir. 2015) (citing *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006)). In other words, to establish financial hardship to justify a denial of a prevailing party its entitlement to statutorily authorized costs, the objecting party must provide substantial documentation of his or her true inability to pay. *See Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (citations omitted). This district court has previously held that it "will not deprive [a] [d]efendant of its entitlement to statutorily authorized costs as the prevailing party merely because [p]laintiff asserts an unsupported claim of 'poverty.'" *Tsun v. WDI Intern., Inc.*, No. 12-00051 LEK-KSC, 2013 WL 1901195, at *3 (D. Haw. April 19, 2013), *adopted by*, 2013 WL 1901322 (D. Haw.

May 6, 2013). Moreover, and as the Ninth Circuit has made clear, a plaintiff's in forma pauperis status does not shield them from the taxation of costs to which a prevailing defendant is entitled. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994).

Here, Barnes' renewed IFP Application[3] [ECF No. 96]—which this Court denied in a Minute Order dated August 28, 2025 [ECF No. 114] ("August 28, 2025 Order")—indicates that she is employed; is single with no dependents; earns $3,504 in monthly income; has minimal checking and savings account balances; and incurs monthly expenses in the amount of $4,062. [ECF No. 96 at PageID.952–56; *see also* ECF No. 117 at PageID.1305.] As Judge Mansfield stated in his F&R, and this Court reiterated in its August 28, 2025 Order, Barnes' gross annual income of $42,048 is more than double the poverty threshold for a one-person household in both Tennessee (Barnes' home State), and Hawai'i (where this Court sits). [*See* ECF No. 113 at PageID.1286 (citation omitted); ECF No. 114 at PageID.1288 (citation omitted).] Accordingly, any purported claim of "poverty" by Barnes is simply unsupported by the record. Moreover, the mere fact that Barnes lives above her means—as her disclosed monthly income compared to her disclosed monthly expenses implies—does not mean that she is shielded from the taxation of costs to which the prevailing party is otherwise entitled. This is especially true where several of Barnes' disclosed monthly expenses do not appear to constitute necessities of life.

For these reasons, the Court finds that Barnes has failed to demonstrate a level of financial hardship that would warrant the denial of costs to the prevailing party, nor that an

---

[3] The Court notes that before the denial of Barnes renewed IFP Application, Barnes filed two previous IFP applications [*see* ECF Nos. 2; 8], each of which were denied. [*See* ECF Nos. 6; 9.] On November 14, 2023, Barnes paid the applicable filing fee of $402 to proceed. [*See* ECF No. 11.]

award of costs in this action (which is relatively modest) is likely to have a chilling effect on future similar actions.

        3.      *Good Faith Conferral*

Third, Barnes argues that Defendants' Bill of Costs was filed in violation of LR54.2(d), because Defendants failed to meet and confer in good faith. The Court notes that LR54.2 governs motions for attorney's fees and related nontaxable expenses, and thus, is not the relevant governing Local Rule on the issue presented. Instead, LR54.1, which governs taxation of costs, applies.

LR54.1(c) sets forth the content requirements for a bill of costs, and provides, among other things, that a bill of costs shall be supported by an "affidavit that must . . . contain a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs and the results of such a conference, *or explain why the conference was not held*." *See* LR54.1(c) (emphasis added). LR54.1(b) further provides that "a Bill of Costs shall be filed and served within fourteen (14) days after entry of judgment." LR54.1(b). The Local Rules state that "[n]on-compliance with any provision of LR54.1 shall be deemed a waiver of costs." LR54.1(a).

Here, as required, Defendants' Bill of Costs is accompanied by a sworn declaration of counsel, stating that Defendants' counsel "attempted to meet and confer with [Barnes] in a good faith effort to resolve any disputes regarding Defendants' fees and costs. However, [Barnes] declined to meet and confer, stating she was not available to meet with Defendants' counsel." [ECF No. 101-2 at PageID.992–93.] Defendants also attached, as supporting evidence of their attempt to meet and confer with Barnes, an email thread between Defendants' counsel and Barnes from July 2025. [*See* ECF No. 101-5 at PageID.998–99.] The

record reflects that Defendants' counsel emailed Barnes on July 1, 2025, stating that Defendants were evaluating whether to pursue attorneys' fees and costs in this case; requesting to meet and confer within fourteen (14) days after the entry of judgment to discuss said issue; and requesting Barnes' availability for several dates (July 11, 2025, July 14, 2025 or July 15, 2025) within that procedural time frame. [*See id.*] That same email thread reflects that on July 7, 2025, Barnes replied to Defendants' counsel's July 1, 2025 email, with the following response: "Thank you for your message. I am not available to meet regarding any attorney's fees. I reserve all rights to oppose any motion your client may file under applicable rules." [*Id.* at PageID.998.] Thereafter, on July 11, 2025, Defendants timely filed their Bill of Costs, purportedly without any further communications with Barnes. [*See* ECF No. 101.]

In her objection to the F&R, Barnes argues that Defendants failed to meaningfully confer before filing their Bill of Costs, in part, because Defendants "failed to propose alternatives" after Barnes "responded in good faith on July 7, 2025, . . . indicating [her] unavailability during Defendants' narrow 3-day window." [ECF No. 116 at PageID.1301.] Barnes also argues that after the filing of the Bill of Costs, Defendants improperly "conditioned further discussion on [Barnes] abandoning her appeal," in purported violation of "procedural norms." [*See id.*]

Considering the evidence, the Court is unpersuaded by Barnes' interpretation of the relevant facts with respect to the parties' July 2025 communications. Further, as to the parties' subsequent communications, the Ninth Circuit has stated that "[t]here is nothing inappropriate or unreasonable in attempting to persuade one's opponent not to appeal." *Church of the Holy Light of the Queen v. Holder*, 584 F. App'x 457, 459 (9th Cir. 2014) (mem.). Accordingly, the Court finds that Defendants complied with LR54.1(c) in attempting to meet and

confer with Barnes regarding taxable costs, and later, explaining their failure to ultimately to do so in a sworn declaration attached to Defendants' Bill of Costs.

### 4. *Deferring a Decision on Costs*

Finally, Barnes requests that, in the alternative, the Court defer awarding Defendants' costs pending resolution of Barnes' appeal to the Ninth Circuit, in the interest of "avoid[ing] unnecessary litigation and promot[ing] judicial economy." [*See* ECF No. 116 at PageID.1300–01 (citation omitted).] Although the Court acknowledges that it has the discretion to defer its ruling on the taxation of costs while an appeal on the merits is pending, the Court nonetheless declines to exercise such discretion in this case. *See* Fed. R. Civ. P. 54(d) advisory committee's notes to 1993 amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."). The instant litigation has been before this Court since October 2023, and judgment in Defendants' favor is over nine (9) months old. Recognizing that the prevailing party has an interest in the prompt payment of its costs, and the need to bring the litigation before this Court to an end, the Court finds no basis to defer a decision on Defendants' Bill of Costs pending resolution of Barnes' appeal to the Ninth Circuit, nor to defer payment of the same.

## IV.    CONCLUSION

For these reasons, and for those set forth in Judge Mansfield's Findings and Recommendation, the Court finds that Defendants' Bill of Costs should be GRANTED IN PART and DENIED IN PART. This Court further adopts Judge Mansfield's F&R.

//

//

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, April 8, 2026.



Shanlyn A.S. Park
United States District Judge

---

*Kerrie Barnes v. GPSI/Kinaole Foundation*; Civil No. 23-00421-SASP-KJM; ORDER
(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' BILL OF COSTS; AND
(2) ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION